**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOHN MICHAEL BOWDEN,
ADC #129677                                                                              PLAINTIFF

V.                                        5:11-cv-00250-JLH-JTK

CORIZON, INC., et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     Introduction

This matter is before the Court on the Motion to Dismiss filed by Defendants Anderson, Byers, Correctional Medical Services, Inc. (CMS), Gordon, Gray, Hubbard, Jarrett, McClain, Peavey, Roe, Snyder, Thompson, Vincent and Watts (hereinafter referred to as the medical defendants) (Doc. No. 49).  Plaintiff filed a response in opposition to the Motion (Doc. No. 56).

Plaintiff is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, together with violations of the Americans with Disabilities (ADA) and Rehabilitation Act.  Plaintiff asks for monetary and injunctive relief from the Defendants.

## II.    Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)

(overruling <u>Conley v. Gibson</u>, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," <u>citing</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570.  <u>See</u> <u>also</u> <u>Robbins v. Oklahoma</u>, 519 F.3d 1242 (10th Cir. 2008).

### A.    Defendants' Motion (Doc. No. 49)

In support of their Motion, Defendants state Plaintiff's Complaint should be dismissed for failing to comply with FED.R.CIV.P. 8, because it does not contain a short and plain statement of his claim.  Defendants note that Plaintiff's Complaint is 63 pages in length, contains 357 paragraphs, and 73 pages of exhibits.  Citing <u>Mangan v. Weinberger</u>, 848 F.2d 909 (8th Cir. 1988), Defendants state Plaintiff's Complaint should be similarly dismissed for failure to comply with Rule 8.

### B.    Plaintiff's Response (Doc. No. 56)

In his Response, Plaintiff acknowledges that his Complaint names twenty-two Defendants and alleges facts which occurred over a two-year period.  He states his Complaint is clear and specific and details a chronology of events spanning the two-year period.   He also states his Complaint is necessary to meet the plausibility standard set forth in <u>Twombly</u> and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009).  He also states the <u>Mangan</u> case, cited by Defendants, is distinguishable from this case, because that complaint exceeded 432 pages, and was dismissed because the court found that the allegations were rambling and involved numerous different claims.

3

C.       **Analysis**

In Iqbal, supra, the court state that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at ___, 129 S.Ct. at 1949. In addition, the court stated that legal conclusions must be supported by factual allegations. Id.

The majority of Plaintiff's Complaint concerns the alleged unconstitutional care and treatment of his serious medical condition (rectal growth and infection), beginning in November, 2009, through the filing of Plaintiff's Complaint. The Complaint contains a specific and detailed chronology of events surrounding that claim. Plaintiff also includes allegations concerning inadequate care and treatment for other medical conditions during this same time period (shoulder growth/cancer, knee and hip joint problems) by the same Defendants. However, Plaintiff includes retaliation claims and claims alleging hostility and verbal harassment by the Defendants. The Court finds that Plaintiff's retaliation claims should be dismissed, to be presented in a separate lawsuit. In addition, claims alleging hostility and verbal harassment should be dismissed for failure to state a claim. See King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997). While the Complaint can not be considered to be a short and plain statement by any stretch of the imagination, the Court finds that Plaintiff's allegations concerning the inadequate medical care and treatment for his medical conditions sufficiently comply with Rule 8. He has pleaded factual content to support his legal conclusions. However, to the extent that Plaintiff includes allegations about other issues and claims, the Court finds that Defendants' Motion is well-founded and that those allegations should be dismissed. Plaintiff may pursue those allegations in a separate action or actions.

**III.     Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

1.      The Medical Defendants' Motion to Dismiss (Doc. No. 49) be DENIED in part,  with respect to Plaintiff's allegations concerning his inadequate medical care and treatment.

2.      The Medical Defendants' Motion to Dismiss (Doc. No. 49) be GRANTED in part with respect to all other complaints.

IT IS SO RECOMMENDED this 5th day of December, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE